IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

**DAKOTA CHEYENNE SMITH**                                        **PLAINTIFF**
**ADC #555199**

V.                   **NO. 3:22-cv-00192-DPM-ERE**

**JUSTIN BODEKER,** *et al.*                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedures for Filing Objections**

This Recommendation has been sent to United States District Chief Judge D.P. Marshall Jr. Any party may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If no objections are filed, Chief Judge Marshall can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, the parties may waive the right to appeal questions of fact.

**II.**     **Discussion:**

    **A.**     **Background**

Plaintiff Dakota Cheyenne Smith, an Arkansas Division of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Smith's complaint alleges that Dr. Justin Bodeker, a dentist, and Shelly Berg, a

registered dental assistant, denied his requests for dentures. As a result, Mr. Smith complains that he cannot eat.[1]

Pending before the Court is Defendants' motion for summary judgment, statement of undisputed facts, and brief in support. *Docs. 16, 17, 18*. Defendants argue that Mr. Smith failed to fully exhaust his administrative remedies against them before filing this lawsuit. Mr. Smith has not responded to Defendants' motion and the time for doing so has passed.[2] For the reasons below, Defendants' motion for summary judgment should be granted.

### B.     The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted *before* filing a civil lawsuit under 42 U.S.C. § 1983.[3] *See* 42 U.S.C. § 1997e(a) (declaring, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are

---

[1] The Court previously dismissed Mr. Smith's claims against Defendant Brandy Johnson and Roy Griffin based on his failure to state a plausible claim for relief. *Doc. 21*.

[2] On September 2, 2022, the Court advised Mr. Smith that his response was due by September 23, 2022. *Doc. 19*.

[3] There are exceptions to the exhaustion requirement, but they are few and narrow in scope. For example, an inmate's subjective belief about the futility of the exhaustion process or his misunderstanding about the process are irrelevant in determining whether administrative procedures are available. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

C. **The ADC's Exhaustion Policy**

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 17-1*. The written policy advises inmates that they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies for a medical grievance, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver *within fifteen calendar days of the incident*; (2) a "Step Two" formal unit-level grievance raising that claim with the Health Services Administrator within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate Chief Deputy/Deputy/Assistant Director within five working days of the Health Service Administrator's decision. *Id. at 6-14* (emphasis added). The grievance process ends

when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejection of an appeal. *Id. at 13-14*.

To properly exhaust his administrative remedies with respect to his medical deliberate indifference claim against Defendants, Mr. Smith was required to present the claim in a timely-filed grievance and appeal it through all three steps of the ADC's grievance process.

### B. Grievance History

To support their motion, Defendants submit the declaration of Shelly Byers, Assistant Medical Services Administrator. *Doc. 17-3*. Ms. Byers asserts that Mr. Smith submitted three grievances during the time period relevant to this case, GR-22-00102, GR-22-00113, and GR-22-00440. *Id. at 1*.

Defendants did not attach a copy of grievance GR-22-00102 to their motion. However, according to Ms. Byers, ADC officials rejected that grievance at the unit level. *Doc. 17-3 at 1-2*. Mr. Smith did not appeal the rejection of that grievance to the Deputy Director for Health and Correctional Programs. *Id.*; *Doc. 17-2 at 1-2*. Accordingly, he did not fully exhaust grievance GR-22-00102. In addition, in grievance GR-22-00440, Mr. Smith complains about the medical care that he received for an in-grown toenail. *Id. at 13*. Mr. Smith does not raise that complaint in this lawsuit. Accordingly, grievance GR-22-00440 is irrelevant to Mr. Smith's pending claims.

On January 28, 2022, Mr. Smith submitted grievance GR-22-00113, alleging that "medical" had refused his request for false teeth and he has been unable to eat. *Doc. 17-2 at 8*. On February 22, 2022, the health services administrator responded to Mr. Smith's grievance explaining that, on November 18, 2021, Defendant Bodeker examined him and determined that Mr. Smith did not qualify for dentures "because he was already edentulous when he came in the ADC system." *Id. at 4*.

On March 3, 2022, ADC officials rejected Mr. Smith's appeal of grievance GR-22-00113 because attachment IV was incomplete. Mr. Smith failed to: (1) sign his name; (2) include his ADC number; and (3) include the date, as required by the ADC inmate grievance policy. *Doc. 17-2 at 4-5*. Accordingly, Ms. Byers concludes that Mr. Smith did not complete the exhaustion process with regard to GR-22-00113. *Doc. 17-3 at 2*. The Court agrees. See *Porter v. Sturm*, 781 F.3d 448, 451-52 (8th Cir. 2015) (finding incomplete exhaustion when a prisoner failed to "pursue the . . . grievance process to its final stage").

Defendants have come forward with evidence sufficient to establish the affirmative defense of failure to exhaust. Mr. Smith has failed to present any evidence on the exhaustion question. Accordingly, because there is no genuine issue of material fact regarding his failure to exhaust his administrative remedies, Defendants are entitled to summary judgment.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 16*) be GRANTED.

2. Mr. Smith's remaining claims be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

Dated this 7th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE